IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EK N SHARMA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>Plaintiff,<br><br>v.<br><br>UNITED ADVANCE CORPORATION<br>6701 Ritchie Highway<br>Glen Burnie, Maryland 21061<br><br>Serve:   Khalid Azam<br>          5915 Clear Ridge Road<br>          Elkridge, Maryland 21075<br><br>And<br><br>KHALID AZAM<br>5915 Clear Ridge Road<br>Elkridge, Maryland 21075<br><br>Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff EK N Sharma (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants United Advance Corporation ("UAC") and Khalid Azam ("Azam") (together, "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. By acting as the named Plaintiff in this matter, Plaintiff does hereby affirm his consent to participate as Plaintiff in an action seeking damages against Defendants under the FLSA, MWHL, and MWPCL.

2. UAC is a corporation formed under the laws of the State of Maryland with its principal place of business in Glen Burnie, Maryland. At all times, Defendants have owned and operated the Exxon Station located at 6701 Ritchie Highway, Glen Burnie, Maryland 21061 at which the acts and omissions giving rise to this action occurred.

3. At all times, Azam was the primary owner and controlling officer of UAC. In this capacity, Azam, individually, managed and supervised Plaintiff's work duties, had the power to hire, fire, suspend, or discipline Plaintiff, set Plaintiff's work hours and work schedules, set Plaintiff's rate and method of compensation, and personally maintained or caused to be maintained all employment records relating to Plaintiff.

4. At all times material herein, Defendants annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5. Defendants were both the "employer" for Plaintiff for purposes of the FLSA, MWHL, and MWPCL and Plaintiff was at all times an employee with rights and protections under the FLSA, MWHL, and MWPCL.

6. At all times, Defendants (by and through Plaintiff and other employees) sold food and beverages that passed in interstate commerce and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and more than two other individuals employed by Defendants were employees who handled and participated in selling food and beverages that crossed state lines and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

11. Plaintiff was employed by Defendants as a cashier at their Exxon Station located at 6701 Ritchie Highway, Glen Burnie, Maryland 21061 for the period of about 2011 through about June 15, 2016 (about 125 weeks in the 3-year statutory recovery period).

12. While employed, Plaintiff typically worked about seventy (70) hours per week following the schedule of 7 days per week: 11:00 PM – 9:00 AM.

13. At all times, Defendants had knowledge of all hours Plaintiff worked each week including overtime hours worked more than forty (40) per week.

14. At all times, Defendants had actual knowledge that Plaintiff must be paid for non-overtime hours worked at an hourly rate meeting or exceeding the higher of the Federal and Maryland minimum wage and for overtime hours worked more than forty (40) each week at an overtime compensation rate that complied with Federal and Maryland law.

15. While employed, Defendants paid Plaintiff straight pay in cash at his regular rate of pay for all hours he worked each week including overtime hours he worked more than forty (40) per week.

16. In many weeks during his period of employment, Defendants did not pay Plaintiff at an hourly rate that met or exceeded the applicable Maryland minimum wage.

17. At no time did Defendants pay Plaintiff for overtime hours worked more than forty (40) per week at the rate of the higher of one-and-one-half times Plaintiff's regular hourly rate or one-and-one-half times the applicable Maryland minimum wage.

18. During the statutory recovery period, Defendants failed to pay Plaintiff minimum wage and overtime compensation in the amount of about $20,000.00.

19. Each week, UAC deducted about $70.00 from Plaintiff's compensation for "taxes."

20. At the end of each year, UAC issued Plaintiff an IRS Tax Information Return W-2.

21. The IRS Information Form W-2 Forms issued by UAC to Plaintiff do not reflect FICA tax contributions equal to $70.00 per week.

22. The IRS Information Form W-2 Forms UAC issued by UAC to Plaintiff instead reflect weekly tax deductions and/or contributions by UAC in the amount of about $40.00 to $50.00 per week. Consequently, throughout the 3-year MWPCL statutory recovery period, Defendants deducted and kept about $20.00 to $30.00 per week (about $3,500.00 for the statutory recovery period) of Plaintiff's compensation under the fallacy of a tax deduction or contribution.

23. At all times, Defendants had actual knowledge their failure to pay minimum wage and overtime compensation to Plaintiff and their deductions from Plaintiff's pay under the guise of tax deductions and/or tax contributions was unlawful and was in plain violation of Federal and Maryland law.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

24. Plaintiff re-alleges and re-asserts every allegation set forth above as if each were set forth herein.

25. Pursuant to the FLSA, Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week more than forty (40).

26. As set forth above, while in Defendants' employ, Plaintiff regularly worked hours in excess of forty (40) per week.

27. As set forth above, Defendants failed to compensate Plaintiff properly and as required by the FLSA for overtime hours worked.

28. Defendants' actions of violating Plaintiff's FLSA rights was willful and intentional and was not the product of objective good faith or otherwise objectively reasonable.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for all unpaid FLSA requried wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the Maryland Wage Hour Law

29. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

30. Pursuant to the MWHL, Defendants, as Plaintiff's employer, were obligated to pay Plaintiff at an hourly rate that complied with the Maryland minimum wage and at the rate of the higher of one-and-one half (1½) times Plaintiff's regular rate of pay or one-and-one-half times the applicable Maryland minimum wage for each overtime hour worked each week more than forty (40).

31. As set forth above, Defendants failed to pay Plaintiff required Maryland minimum wage and overtime compensation as required by the MWHL for a substantial number of hours while Plaintiff was in Defendants' employ.

32. Defendants' failure to pay Plaintiff as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid required MWHL wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law

33. Plaintiff re-alleges and re-asserts every allegation set forth above as if each were set forth herein.

34. Without legal excuse or justification, Defendants (1) failed to pay overtime and minimum wage compensation as required by Maryland law and (2) unlawfully deducted and/or

assigned portions of Plaintiff's weekly pay under the false pretense of tax deductions and/or contributions without Plaintiff's permission or any other excuse permissible under Maryland law.

35. At the end of Plaintiff's employment, and to date, Defendants have failed to pay Plaintiff all wages due and owing for work performed while in Defendants' employ.

36. Defendants' failure to pay wages due to Plaintiff as required by the MWPCL was willful and intentional and was not the result of any *bona fide* dispute between Plaintiff and Defendant.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid wages in such an amount as is proven at trial, plus two times (2x) the amount of unpaid wages as additional or liquidated damages (a total of trebled damages), interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*